IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DARNELL BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO.: |
| | ) | 1:17-CV-01780-ELR |
| v. | ) | |
| | ) | |
| DEKALB COUNTY, GEORGIA; | ) | |
| OFFICER C.R. GILL, individually | ) | |
| and in his official capacity | ) | |
| as an employee of DeKalb County; | ) | |
| OFFICER D.L. CRAIG, individually | ) | |
| and in his official capacity | ) | |
| as an  employee of DeKalb County, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS'
PARTIAL MOTION TO DISMISS**

COMES NOW Plaintiff, by and through undersigned counsel, and hereby files his Response in Opposition to Defendants' Partial Motion to Dismiss. In support, Plaintiff shows the following:

**I. STATEMENT OF THE FACTS**

**A. JUNE 2, 2015**

On June 2, 2015, Defendant Craig was conducting undercover surveillance for DeKalb County Police Department related to alleged prostitution of the Super 8

Motel, located at 1600 Crescent Center Blvd, Tucker, DeKalb County, Georgia. [*Id*. at ¶ 10]. Defendants Craig and Gill's instructions from DeKalb County supervisors were to stop anyone that went into the specific hotel room that was under surveillance. [*Id*. at ¶¶ 40-41; Please see transcript of Motion to Suppress hearing attached hereto as Exhibit 1, p. 18-19]. Defendant Craig allegedly witnessed Plaintiff driving into the parking lot of the Super 8 Motel. [*Id*. at ¶ 11]. Plaintiff was not violating any laws and was not observed to be violating any laws while driving upon the motel premises. [Id]. Plaintiff went to room 115 to visit a friend and stayed less than 15 minutes before leaving. Defendants did not have any knowledge of who occupied room 115 on this day. [*Id*. at ¶ 12].

Upon leaving the hotel, Plaintiff made a right turn onto the highway. [*Id*. at ¶ 13]. Defendant Craig then intentionally made a false statement to Defendant Gill, who was on patrol nearby, advising him that Plaintiff was in violation of O.C.G.A. § 40-6-123 by failing to use a turn signal when exiting the parking lot. [*Id*. at ¶ 14]. Plaintiff was then improperly stopped, detained and his person seized by Defendant Gill at the direction of Defendant Craig. [*Id*. at ¶ 15].

Once Defendant Gill illegally stopped, seized and detained Plaintiff, Defendant Gill began to intimidate and interrogate Plaintiff regarding his occupation, whereabouts, personal life (including his wife and marriage) and his activities at the Super 8 Motel. [*Id*. at ¶ 16]. During Plaintiff's illegal detention,

Defendant Gill allegedly saw a shirt in the passenger seat of Plaintiff's vehicle with the word "Special Officer GA" written on it and a badge that said "Loss Prevention Officer". [*Id*. at ¶ 17]. Defendant Gill then began to question Plaintiff regarding whether he "was a police officer or some kind of sheriff". [*Id*. at ¶ 18]. Plaintiff explained that, in the past, he worked as a Special Detail Deputy Sheriff with the Fulton County Sheriff's Department. Plaintiff never stated that he was post certified nor that he was currently a certified peace officer. [*Id*. at ¶ 19-20]. Plaintiff was given a warning for failure to use a turn signal and released. [*Id*. at Exh. B].

**B. JUNE 3, 2015**

The next day, Defendant Gill contacted the Fulton County Sheriff's Department and intentionally and falsely stated that Plaintiff held himself out to be a post-certified or retired post-certified peace officer of the Fulton County Sheriff's Department. [*Id*. at ¶ 21]. When Fulton County Sheriff's Department stated that Plaintiff was not a post-certified or retired post-certified peace officer with the Department, Defendant Gill secured arrest warrants for Impersonating a Police Officer, Obstruction, and Loitering/Prowling. [*Id*. at ¶ 22]. Officer Gill conspired with Defendant Craig to fabricate evidence in support of probable cause to issue arrest warrants for Plaintiff. [*Id*. at ¶ 23]. As a result, Plaintiff's arrest bond was set

at $8,000.00 and he was forced to serve two days in the DeKalb County Jail before being released. [*Id.* at ¶ 24].

## C. CRIMINAL PROCEEDINGS

Plaintiff was subsequently indicted on October 18, 2015 for Impersonating an Officer, a felony, and Making False Statements. [*Id.* at ¶ 25]. Plaintiff expended over $15,000.00 in attorney's fees, bail and other related costs in order to fight the charges against him. [*Id.* at ¶ 26]. On February 16, 2016, Plaintiff filed a motion to suppress challenging the unconstitutional stop by Defendants. Said Motion was granted by the trial court on April 12, 2016 after a hearing where both Defendants testified against Plaintiff. [*Id.* at ¶ 28, *Id.* at Exh. B]. As a result, Plaintiff's charges were dismissed. [*Id.* at Exh. B].

## II. STANDARD OF REVIEW

When considering a motion to dismiss under Rule 12(b)(6), a federal court is to accept as true all facts set forth in the plaintiff's complaint. *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000); *see also United States v. Pemco Aeroplex, Inc.*, 195 F.3d 1234, 1236 (11th Cir. 1999); *Crayton v. Callahan*, 120 F.3d 1217, 1220 (11th Cir. 1997). The court must construe the plaintiff's allegations liberally because "the issue is not whether the plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the

claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (abrogated on other grounds). Furthermore, the court must draw all reasonable inferences in the light most favorable to the plaintiff. *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999); *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) (internal citations omitted).

In order to survive a motion to dismiss under Rule 12(b)(6), the Supreme Court has held that the factual allegations in a Complaint must "raise the right to relief above the speculative level." *Id*. at 545. Moreover, the Eleventh Circuit and its lower courts have also followed this standard. *See Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, (11th Cir. 2009); *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974, n.43 (11th Cir. 2008) ("the . . . standard now seems to be whether the allegations plausibly suggest (and are not merely consistent with) a violation of the law") (citations omitted). The plausibility standard, however, does not impose a probability requirement at the pleading stage; *it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence* to support the plaintiff's claim. *Twombly* at 545 (emphasis added). Therefore, to survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible

on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Plaintiff's detailed factual allegations meet or exceed this standard and set forth a clear basis for relief.

### III. ARGUMENT AND CITATION OF AUTHORITY

**A. Plaintiff States Valid Claims for False Arrest and False Imprisonment.**

Defendants incorrectly assert in their Motion that "Plaintiff's claims in this lawsuit actually arise from his arrest…pursuant to a warrant…" [Doc. 7, p. 1] and as such, his claims for false arrest and false imprisonment fail as a matter of law. [Id., p. 7]. This argument fails for a multitude of reasons but primarily because as stated in Plaintiff's Complaint, his claims for false arrest and false imprisonment are based on the conduct of Defendants **on June 2, 2015** when he was illegally stopped and detained by Defendants Gill and Craig.

> Count I (§ 1983 False Arrest) states, inter alia:
>
> Based upon their prior experience, knowledge and training as a law enforcement officers, the individual DEFENDANTS knew that no arguable probable cause, much less probable cause, existed to detain and/or arrest Plaintiff on **June 2, 2015**. [Doc. 1, ¶ 33] (emphasis added).
>
> Further Paragraph 34 of Count I states, in part, that:
>
> a) PLAINTIFF violated no laws;
>
> b) Officers had no knowledge of who occupied room 115 on **June 2, 2015**;

> c) Though not required by law, PLAINTIFF used his turn signal when making the right turn onto the highway… [Doc. 1, ¶ 34] (emphasis added).

The illegal, stop and detention of Plaintiff on June 2, 2015 constitutes a "seizure" under the Fourth Amendment. The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." Temporary detention of individuals during the stop of an automobile by the police, even if only for a brief period and for a limited purpose, constitutes a "seizure" of "persons" within the meaning of this provision. *Whren v. U.S.*, 517 U.S. 806, 810 (1996). An automobile stop is thus subject to the constitutional imperative that it not be "unreasonable" under the circumstances. *Id*. Even a momentary detention is a seizure for Fourth Amendment purposes. *Id*.

Plaintiff was not arrested pursuant to an arrest warrant until **June 10, 2015** which forms the basis for Count III of Plaintiff's Complaint (malicious prosecution). Accordingly, because Defendants' Motion relies on the incorrect assertion that Plaintiff's claims for False Arrest and False Imprisonment are based on the arrest of Plaintiff on June 10, 2015, Defendants' Motion should be denied.

**B. Plaintiff has sufficiently alleged a DeKalb County policy and/or custom to support his 1983 claims against the County and Officers in their Official Capacities.**

Defendants allege that Plaintiff "asserts only the most general allegations against DeKalb County" that do not support a 1983 claim against the County. [Doc. 7, p. 11-12]. Local government liability may be established based on: (1) an express policy; (2) a "widespread practice that, although not authorized by written law or express policy, is 'so permanent and well settled as to constitute a custom or usage' with the force of law"; or (3) the decision of a person with "final policymaking authority." *Monell v. Dept. of Social Services of the City of New York,* 436 U.S. 658, 694 (1978); *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123 and 127 (1988).

Taking Plaintiff's claims as true, as required at this stage in the proceedings, it is clear from Plaintiff's Complaint that there is a sufficient factual basis for Plaintiff's assertion that DeKalb County has created a widespread practice of allowing its officers to illegally detain and/or arrest individuals and failing to discipline its officers who falsely arrest and/or detain individuals. (*Grossman,* 225 F.3d at 1231, holding that when considering a motion to dismiss under Rule 12(b)(6), a federal court is to accept as true all facts set forth in the plaintiff's complaint).

Furthermore, Defendants' Motion fails to rebut or even address Plaintiff's assertion that DeKalb County's liability is also founded upon the unconstitutional instructions/decisions of DeKalb County police supervisors, individuals with "final policymaking authority." *Monell,* 436 U.S. at 694. The testimony by Defendant Gill at the Motion to Suppress hearing indicating that Defendants were given directions by their Supervisors to stop any persons who made contact with certain rooms at said hotel and/or detain any suspicious looking persons, whether they committed a crime or not serves as sufficient evidence that a chief decision maker ordered the unconstitutional actions perpetuated on Plaintiff. [Doc. 1, ¶¶ 41-42; Exh. 1, p. 18-19]. As such, Plaintiff Complaint properly alleges that the custom of DeKalb County was the moving force behind the constitutional violations perpetrated upon Plaintiff and the Defendants' Motion to Dismiss should be denied.

### C. Sovereign Immunity on State Law Claims Against DeKalb County and Defendants in Their Official Capacities.

Plaintiff abandons his claims against Defendants in their official capacities as to his state law claims only. Plaintiff does not abandon his claims against Defendants in their individual capacities.

### D. Plaintiff's Claims Against Officer Craig in his Individual Capacity Should not be Dismissed.

Defendants assert that Defendant Craig, in his individual capacity, cannot be held liable for any of Plaintiff's claims. [Doc. 7, p. 15]. However, Defendants are once again relying on the incorrect assertion that Plaintiff's claim for false arrest is based on his arrest pursuant to the arrest warrant. As previously discussed and as evident in Plaintiff's Complaint, Plaintiff's claim for false arrest is based on his illegal stop and detention **on June 2, 2015**. [Doc. 1, ¶ 33]. Defendant Craig is the individual who ordered the illegal stop and detention based on a fabricated "traffic violation". [*Id*. at Exh. 2; Exh. 1, p. 10].

Additionally, in Count III, Plaintiff alleges that Officer Craig "knowingly and willfully instituted and maintained a criminal prosecution against Plaintiff…" [*Id*. at ¶ 53]. For purposes of a § 1983 malicious prosecution claim, the constituent elements of the common law tort of malicious prosecution include: (1) a criminal prosecution instituted **or continued** by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused. *Wood v. Kesler*, 323 F.3d 872, 881–82 (11th Cir. 2003)(emphasis added). It is stated in the Order from the Trial Court dismissing Plaintiff's charges, that Defendant Craig testified against Plaintiff at the Motion to Suppress hearing, thus attempting to continue Plaintiff's prosecution. [Doc. 1, Exh. 2].

In Count IV, Plaintiff alleges that Defendant Craig caused him extreme emotional distress as a result of his false arrest and detention [*Id*. at ¶ 61-62] as well as through the malicious prosecution of Plaintiff. [*Id*. at ¶ 63].

In Count V, Plaintiff alleges that due to the actions of Defendants Gill and Craig, Plaintiff was falsely imprisoned and unlawfully detained. [*Id*. at ¶ 66]. While Defendant Craig did not obtain the arrest warrant for Plaintiff, his fabrication of a "traffic violation" began the entire chain of events resulting in Plaintiff's false detention and arrest as well as the malicious prosecution of Plaintiff.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that Defendants' Motion to Dismiss be denied.

Respectfully submitted this 19th day of July, 2017.

/s/ Dwight L. Thomas
Dwight L. Thomas
Attorney for Plaintiff
Georgia Bar No. 704825

/s/ Hannah R. Moore
Hannah R. Moore
Attorney for Plaintiff
Georgia Bar No. 581504

1745 Martin Luther King Jr. Drive, SW
Atlanta, GA 30314
Telephone: 404-522-1400
Facsimile:  404-755-2327

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

The undersigned hereby certifies that the foregoing document was prepared in accordance with the requirements of Local Rule 5.1 of the Northern District of Georgia and that a 14 pt Times New Roman font was used.

/s/ Dwight L. Thomas
Dwight L. Thomas
Attorney for Plaintiff
Georgia Bar No. 704825

/s/ Hannah R. Moore
Hannah R. Moore
Attorney for Plaintiff
Georgia Bar No. 581504

1745 Martin Luther King Jr. Drive, SW
Atlanta, GA 30314
Telephone: 404-522-1400
Facsimile:  404-755-2327

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

The undersigned hereby certifies that the foregoing document was prepared in accordance with the requirements of Local Rule 5.1 of the Northern District of Georgia and that a 14 pt Times New Roman font was used.

/s/ Dwight L. Thomas
Dwight L. Thomas
Attorney for Plaintiff
Georgia Bar No. 704825

/s/ Hannah R. Moore
Hannah R. Moore
Attorney for Plaintiff
Georgia Bar No. 581504

## CERTIFICATE OF FILING AND SERVICE

This is to certify that on July 19, 2017, I electronically filed the above and foregoing PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' PARTIAL MOTION TO DISMISS with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

  Aaron J. Ross, Esq.

  /s/ Dwight L. Thomas
  Dwight L. Thomas
  Attorney for Plaintiff
  Georgia Bar No. 704825


  /s/ Hannah R. Moore
  Hannah R. Moore
  Attorney for Plaintiff
  Georgia Bar No. 581504

1745 Martin Luther King Jr. Drive, SW
Atlanta, GA 30314
Telephone: 404-522-1400
Facsimile:  404-755-2327